THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL BLACKMAN, Defendant-Appellee.

Second District    No. 79-562

Opinion filed December 12, 1980.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The State brings this appeal from an order dismissing a charge of murder against defendant, Michael Blackman. The central issue is whether a trial court may order the State to produce certain witnesses at a preliminary hearing in order to determine their competency and then dismiss the information under section 114—1(a)(9) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(9)) if the State fails to comply.

On August 6, 1979, defendant was charged by information with murdering Walter Waligora by strangling and drowning him in a bathtub. At the time of the incident, both individuals were residents of North Aurora Center, a private facility for mentally retarded adults. Defendant filed a motion on August 8 requesting that the State be required to produce at the preliminary hearing two eyewitnesses to the alleged murder, Leonard McNeil and Jose Ocasio. McNeil and Ocasio are also residents of North Aurora Center. The motion alleged that statements were elicited from both McNeil and Ocasio implicating defendant in the murder, that neither McNeil nor Ocasio was competent to testify at trial, and that defendant would be deprived of due process and the right to confront witnesses if the State proceeded at the preliminary hearing by hearsay testimony of police officers rather than the eyewitness testimony of McNeil and Ocasio. The defense also argued that section 114—1(a)(9) of the Code of Criminal Procedure precludes a finding of probable cause on the basis of testimony from an incompetent witness. The trial court

granted defendant's motion and entered an order requiring the State to produce McNeil and Ocasio at a preliminary hearing set for August 17. The judge reasoned that defendant would never be fit to stand trial and that the preliminary hearing would be his only opportunity to establish innocence.

The State appeared at the hearing on August 17 but declined to produce the two witnesses, contending that the trial court had no authority to dictate what evidence or witnesses will be presented at a preliminary hearing. The court granted defendant's motion to dismiss the information, and this appeal followed.

The trial court erred in granting the defendant's prehearing petition and in ordering the State's Attorney to produce at the preliminary hearing the witnesses designated by the defense in the prehearing petition. At common law, the prosecuting attorney had absolute control of criminal prosecutions. (*Wilson v. County of Marshall* (1930), 257 Ill. App. 220, 224.) The decision whether to prosecute an individual still rests in the discretion of the prosecutor. (*People v. Lewis* (1979), 73 Ill. App. 3d 361, 364.) The State's Attorney has the authority to select the offense to be prosecuted, and the method of doing so is a necessary and proper function of that office in the criminal justice system. *People v. Golz* (1977), 53 Ill. App. 3d 654, 658, *cert. denied* (1978), 437 U.S. 905, 57 L. Ed. 2d 1134, 98 S. Ct. 3091.

■■■ A preliminary hearing is not a trial; it is a proceeding, attendant to charging a defendant by information, to determine probable cause. It is not intended to be a discovery proceeding. (*People v. Horton* (1976), 65 Ill. 2d 413, 416-17; *People v. Stingley* (1978), 65 Ill. App. 3d 768, 770.) There is no requirement that prior to the preliminary hearing the State disclose the substance of the evidence it intends to present or the identity of its witnesses. Nor is the State obligated to produce witnesses whose presence is desired by the defendant, particularly where, as here, there is no showing either that such witnesses were under the control of the State or that the defendant could not have insured their presence at the preliminary hearing by having subpoenas served upon them.

The defendant advanced three theories before the trial judge in support of his petition for the production of the witnesses: (1) the right to confront witnesses, (2) procedural due process and (3) section 114—1(a)(9) of the Code of Criminal Procedure. The constitutional right to confront one's accusers is not advanced on this appeal, and it is clear that such right relates to trial and not to the preliminary hearing (*People v. Petruso* (1966), 35 Ill. 2d 578, 580). Defendant also concedes that due process does not ordinarily prohibit the use of hearsay evidence at a preliminary hearing to establish probable cause. *People v. Velez* (1966), 72 Ill. App. 2d 324, 335-36; *cf. People v. Creque* (1978), 72 Ill. 2d 515, 521, *cert.*

*denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010 (indictment).

██ Section 114—1(a)(9) of the Code of Criminal Procedure does provide for dismissal of the indictment where it is based solely upon the testimony of an incompetent witness. The State concedes in its brief that this section also applies to the finding of probable cause at a preliminary hearing as well, and we agree.

██ It is evident from an examination of the record in this matter that defense counsel became convinced that a probable-cause determination could be made only upon the testimony of Leonard McNeil and Joe Ocasio, whom defense counsel felt were incompetent witnesses. It is also evident that defense counsel believed that the State would not call these witnesses at the preliminary hearing, but rather would call as a witness an investigating officer who would give hearsay testimony relating the facts as given to him by these two witnesses. Defense counsel was also aware that such hearsay evidence could be admitted at the preliminary hearing. In addition, defense counsel had reason to believe that the defendant might be found unfit to stand trial and therefore might be held in custody for treatment, even though the State could not prove probable cause on the basis of competent evidence. He sought to forestall this from happening by, in effect, forcing the State's Attorney to disclose in advance of the preliminary hearing the identity of the witnesses he would call and to produce the named witnesses so that their competency or lack thereof could be determined. The trial court, in substance, agreed and ordered the State's Attorney to produce the witnesses. As we have already indicated, the court erred in ordering the production of the witnesses, because the State's Attorney has full discretion in determining what evidence he will produce.

Defendant asserts that the court did not err in refusing to allow the State to prove probable cause by statements taken from incompetent witnesses. Neither the defendant nor the court could make this determination in this matter prior to the commencement of the preliminary hearing. If it became apparent during the course of the preliminary hearing that the State was proceeding as defense counsel anticipated and was basing its case solely on the hearsay testimony of the investigating officer, defense counsel could then object to the admission of such hearsay evidence on the same grounds that he urged in his prehearing motion. While the trial judge has the discretion to admit hearsay evidence, he also has the discretion to refuse such evidence. A denial of the admission of the hearsay evidence would then require the State to call the alleged incompetent witnesses, and their competency could be determined at that time. This would be particularly true if defense counsel had subpoenaed them and they were present in the court.

For the foregoing reasons, the order of the trial court filed August 17,

1979, dismissing the information charging the defendant with the offense of murder, is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG and WOODWARD, JJ., concur.