**Johnny Lee WILSON, Petitioner,**

v.

**Ernest MORRIS et al., Respondents.**

**No. 79–2175.**

United States District Court, C. D. Illinois.

July 17, 1981.

James Kuehl (Court-appointed), Urbana, Ill., for petitioner.

Michael Accettura, Asst. Atty. Gen., Springfield, Ill., for respondents.

## ORDER

BAKER, District Judge.

The petitioner, an inmate at the Menard Correctional Center, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner is presently serving concurrent sentences of ten to thirty years for rape and five to fifteen years for armed robbery. As grounds for the relief sought, the petitioner alleges that he was deprived of his Sixth Amendment right[1] to effective assistance of counsel when his preliminary hearing was, over objection and without the trial judge conducting an inquiry regarding the basis for the objection, consolidated with that of a co-defendant who was represented by the same attorney as the petitioner.

On October 21, 1977, the petitioner appeared before a state court judge in Vermilion County, Illinois for a preliminary hearing on charges of rape and armed robbery. At the outset, the prosecutor moved to consolidate the preliminary hearings of the petitioner and one of the petitioner's co-defendants, Stanley Tyler. The petitioner and Tyler were both represented by the same lawyer, an assistant public defender who objected to the consolidation. The following colloquy between the Court and counsel ensued:

> Defense Counsel: Your Honor, we'd be objecting to that. To begin with, these were filed under separate captions. Moreover, we'd point out that, based upon what I have learned from both de-

---

1. The Sixth Amendment provides in part as follows: "In all criminal prosecutions, the ac-cused shall enjoy the right ... to have the Assistance of Counsel for his defense."

fendants, I believe that there is potential conflict that could arise in their cases. This conflict could be remedied, as I see it, by a severance. For this reason, I feel that they should have a preliminary hearing separately, also. At this point I was anticipating that we would be going on each one of these separately; no prior motion for consolidation was made, and this is why we do sit here with both defendants, but we would object to any motion to consolidate 226 and 225.

Prosecutor: Your Honor, first of all, we agree there potentially may be a conflict here. That's why they were filed under separate informations. However, at this point I don't think there's sufficient conflict that would justify separate hearings, especially due to the fact that the evidence against Mr. Tyler and against Mr. Wilson will be identical. So what we would be doing would be just to have two separate hearings where the witness would testify to the same thing, and I don't see that any benefit would be derived from proceeding that way. Since they're both set up at the same time, any conflict would arise at the time of trial. That's why they're filed under separate informations.

The Court: 77 CF 227 P, People of the State of Illinois vs. Johnny Lee Wilson, one count of rape, second count of armed robbery; 77 CF 226 P, one count of rape, two counts of armed robbery. The matter coming on for preliminary hearing. State present by Assistant States Attorney O'Brien. Defendant present by Assistant Public Defender Kagawa. Motion by State for consolidation of the two cases for the purpose of preliminary hearing only. Objection by the Defense to the consolidation due to a possible conflict. Objection overruled. Cases are joined for the purpose of preliminary hearing only.

The petitioner and Tyler had separate trials, but the same attorney continued to represent them after the preliminary hearing, through their trials and sentencings.

■ It is clear that the constitutional right of a criminal defendant to the assistance of counsel includes the right to representation which is unimpaired by conflicts of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). The petitioner contends that his right under the Sixth Amendment to such representation was abridged by the trial court's failure after objection was raised to conduct an inquiry into the possibility that a conflict of interest existed in the dual representation of the petitioner and his co-defendant by the same attorney.

In *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), the attorney representing the petitioner and his two co-defendants apprised the trial court before trial that the multiple representation might result in a conflict of interest that would hamper the attorney's effective representation of his clients. Despite the remonstrations of counsel, the trial judge failed either to appoint separate counsel or to take "adequate steps" to ensure that the risk of a conflict of interest was too attenuated to require separate counsel. *Id.* at 484, 98 S.Ct. at 1178. The Supreme Court held that the trial court's failure deprived the petitioner of his Sixth Amendment right to the effective assistance of counsel. *Id.*

■ The Court further held that when there is an objection to joint representation on conflict of interest grounds and the trial court fails to conduct an inquiry regarding the risk of a conflict of interest, proof of prejudice caused by the joint representation is unnecessary to establish a Sixth Amendment violation. In explanation, the Court noted that " '[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' " *Id.* at 488, 98 S.Ct. at 1180 (quoting *Glasser v. United States*, 315 U.S. 60, 75–76, 62 S.Ct. 457, 467–68, 86 L.Ed. 680 (1942)). A court should therefore presume that a criminal defendant has suffered prejudice when an

objection to dual representation has been made on conflict of interest grounds and the trial judge has conducted no inquiry to determine the validity of the objection. *Id.*

■ The Supreme Court proceeded to hold that "when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic." *Id.* Because of the fundamentality of the right to the assistance of counsel, a violation of that right can "never" be treated as harmless error. *Id.* The Court attributed the inapplicability of the harmless error doctrine to the fact that it would be difficult, if not "virtually impossible," to assess the impact of a conflict of interest on an attorney's representation of his client. *Id.* at 490–91, 98 S.Ct. at 1181–82. In two decisions rendered since *Holloway,* the Supreme Court has reiterated that a conviction must be reversed when a trial court has failed to conduct an inquiry regarding an attorney's conflicting loyalties to two or more clients even though the court has been alerted to the fact that the possibility of a conflict of interest exists. *Cuyler v. Sullivan,* 446 U.S. 335, 348–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980); *Wood v. Georgia,* 450 U.S. 261, 272, 101 S.Ct. 1097, 1104 n.18, 67 L.Ed.2d 220 (1981) (*"Sullivan mandates* a reversal . . . .") (emphasis added).

In this case the petitioner's attorney informed the judge at the preliminary hearing that a potential conflict of interest problem was present if the preliminary hearings were consolidated. The judge failed to conduct any inquiry into the basis for the attorney's objection.

The issue to be decided here is whether the inquiry mandated by *Holloway* in a trial situation also applies in the context of a preliminary hearing.

■ In *Holloway,* the Supreme Court indicated that the reversal of a conviction is automatic when a defendant has been deprived of the effective assistance of counsel during a trial or during "critical stage[s]" of the criminal prosecution. 435 U.S. at 489, 98 S.Ct. at 1181.[2] In *Coleman v. Alabama,* 399 U.S. 1, 10, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387 (1970), it was established that a preliminary hearing is a " 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid [of counsel] . . . as at the trial itself.' " (quoting *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158 (1932)). *See also People ex rel. Fisher v. Carey,* 77 Ill.2d 259, 268, 32 Ill.Dec. 904, 396 N.E.2d 17 (1979) (preliminary hearing in Illinois is a "critical stage" of the criminal prosecution). Read together, the holdings of *Holloway* and *Coleman* compel the conclusion that the duty imposed on a judge during trial to inquire into possible conflicts of interest arising from a lawyer's dual representation of defendants when apprised of the possibility of such conflicts extends to the preliminary hearing stage of the prosecution.[3]

---

**2.** Although the Court in *Holloway* stated that this rule extends at least to prosecutions involving capital offenses, there is no distinction in the Sixth Amendment between prosecutions of capital crimes and prosecutions of other crimes for which a defendant is then incarcerated. Hence, the constitutional protection outlined in *Holloway* extends as well to a defendant charged with a felony who is faced with the threat of imprisonment, but not the death penalty. In *Wood v. Georgia, supra,* where the petitioners had been charged and convicted of the noncapital offense of distributing obscene materials, the Court stated that a duty existed under the Sixth Amendment to conduct an inquiry when the trial court knew or reasonably should have known that a conflict of interest existed.

**3.** From the trial transcripts, it appears that defense counsel's concern regarding conflict of interest problems arose from the fact that the petitioner asserted an alibi defense to the charges of rape and armed robbery, namely that he was with his brother at the time the crimes were committed, whereas his co-defendant Tyler contended as a defense to the rape charge that the petitioner, not Tyler, was the rapist. Although the petitioner did not object at the time of the preliminary hearing to the joint representation of himself and a co-defendant, he did, through his attorney, inform the court that consolidation of the two co-defendants' preliminary hearings might lead to conflict of interest problems. Although severance of the preliminary hearings might not have averted a conflict of interest because of defense

Following the teaching of *Holloway* this court cannot speculate from the record whether Wilson was or was not prejudiced by the joint representation at the preliminary hearing. In the absence of inquiry, prejudice must be presumed. When a defendant is represented by an attorney with conflicting interests at trial or during another "critical stage" of the criminal proceedings, "reversal is automatic." 435 U.S. at 489, 98 S.Ct. at 1181.[4]

The petitioner has established a violation of his Sixth Amendment right to the assistance of counsel, and a writ of habeas corpus will issue.

What proceedings should follow the issuance of the writ and the vacation of the convictions is not made clear by *Holloway* and *Coleman*. In *Holloway* where the deprivation of the right to counsel occurred during the trial the Court remanded the case for further proceedings. In *Coleman*, where the deprivation occurred during the preliminary hearing, the Court vacated the convictions and ordered a hearing to determine if prejudice had been worked or if the convictions should be reinstated. Suffice it to say that this court's only function is to grant or deny the writ.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus be, and hereby is, granted. The respondents and each of them are commanded forthwith to discharge the petitioner, Johnny Lee Wilson, from further detention or commitment or imprisonment by reason of the herein

described convictions of rape and armed robbery.

counsel's representation of two co-defendants with conflicting defenses, the preliminary hearing judge knew or should have known from the representations of the petitioner's attorney and the statements of the prosecutor that the risk of a conflict of interest existed. That knowledge triggered his duty under *Holloway* to determine whether the risk warranted the appointment of separate counsel or the taking of other steps to protect the petitioner's Sixth Amendment right to assistance from an attorney who is unencumbered with conflicting loyalties. In other words, in the face of the petitioner's objection to the motion to consolidate because of a potential conflict of interest problem and the prosecutor's acknowledgement that the prospect of a conflict of interest existed, an "affirmative trial court response" was

required under *Holloway*. *See United States v. Mavrick*, 601 F.2d 921, 929 (7th Cir. 1979). *See also United States v. Medina-Herrera*, 606 F.2d 770, 776 (7th Cir. 1979) (" '[The court must] be alert for indicia of conflict at all stages of the proceeding, including during trial.' " (quoting *United States v. Gaines*, 529 F.2d 1038, 1043 (7th Cir. 1976)).

4. Although the Supreme Court has recognized that "the lack of counsel at a preliminary hearing involves less danger to 'the integrity of the truth determining process at trial' then the omission of counsel at the trial itself or on appeal." *Adams v. Illinois*, 405 U.S. 278, 282–83, 92 S.Ct. 916, 919–20, 31 L.Ed.2d 202 (1972).