**Johnny Lee WILSON,
Petitioner-Appellee,**

v.

**Ernest MORRIS, et al.,
Respondents-Appellants.**

No. 81–2252.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 23, 1982.

Reargued En Banc Sept. 20, 1983.

Decided Jan. 5, 1984.

Certiorari Denied May 14, 1984.
See 104 S.Ct. 2357.

592

James Kuehl, Urbana, Ill., for petitioner-appellee.

Michael V. Accettura, Asst. Atty. Gen., Springfield, Ill., for respondents-appellants.

Before CUMMINGS, Chief Judge, and PELL, BAUER, WOOD, CUDAHY, ESCHBACH, POSNER, COFFEY and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

The petitioner and a man named Stanley Tyler were charged with rape and armed robbery. When the two men appeared before an Illinois trial court for their preliminary examination, the prosecutor moved the court to hold a joint hearing. The attorney who represented both men objected, but the trial judge joined the cases *only* for the purpose of preliminary examination. The

petitioner, who was subsequently convicted on the charges, contends that proof of these facts alone establishes that he was denied his Sixth Amendment right to counsel free from a conflict of interest. We disagree and therefore reverse the district court's order granting a writ of habeas corpus.

I.

On September 28, 1977, a woman was raped in her home in Vermilion County, Illinois. The woman's three assailants, who were armed with guns, also stole a small amount of money from her purse. Based on statements made to the police by one of the assailants, the petitioner and Stanley Tyler were arrested and charged with rape and armed robbery.

The petitioner and Stanley Tyler appeared for their preliminary examinations before a state-court judge on October 21, 1977. Both men were represented by the same attorney, an assistant public defender. When the prosecutor moved to consolidate the preliminary examinations, the following colloquy between the court and counsel ensued:

DEFENSE COUNSEL: Your Honor, we'd be objecting to that. To begin with, these were filed under separate captions. Moreover, we'd point out that, based upon what I have learned from both defendants, I believe that there is potential conflict that could arise in their cases. This conflict could be remedied, as I see it, by a severance. For this reason, I feel that they should have a preliminary hearing separately, also. At this point I was anticipating that we would be going on each one of these separately; no prior motion for consolidation was made, and this is why we do sit here with both defendants, but we would object to any motion to consolidate 226 and 225.

PROSECUTOR: Your Honor, first of all, we agree there potentially may be a conflict here. That's why they were filed under separate informations. However, at this point I don't think there's sufficient conflict that would justify separate hearings, especially due to the fact that the evi-

dence against Mr. Tyler and against Mr. Wilson will be identical. So what we would be doing would be just to have two separate hearings where the witness would testify to the same thing, and I don't see that any benefit would be derived from proceeding that way. Since they're both set up at the same time, any conflict would arise at the time of trial. That's why they're filed under separate informations.

THE COURT: 77 CF 227 P, People of the State of Illinois vs. Johnny Lee Wilson, one count of rape, second count of armed robbery; 77 CF 226 P, one count of rape, two counts of armed robbery. The matter coming on for preliminary hearing. State present by Assistant States Attorney O'Brien. Defendant present by Assistant Public Defender Kagawa. Motion by State for consolidation of the two cases for the purpose of preliminary hearing only. Objection by the Defense to the consolidation due to a possible conflict. Objection overruled. Cases are joined for the purpose of preliminary hearing only.

Probable cause was found at the joint hearing and the petitioner and Tyler were bound over for trial. Although the same attorney continued to represent both defendants, separate trials before different judges and juries were held. The petitioner was convicted and sentenced to concurrent terms of 10 to 30 years for rape and 5 to 15 years for armed robbery.

After exhausting state appeals, the petitioner commenced this action seeking a writ of habeas corpus. The petitioner asserted two distinct Sixth Amendment claims. Relying on *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1980), he first contended that the writ must issue because the state court held, over defense counsel's objection, a joint preliminary examination. The petitioner also made the broader claim that the public defender's representation of co-defendants was unconstitutional. On this latter claim the district court entered judgment in favor of the respondents after finding that "the peti-

tioner has set forth no facts showing that 'an actual conflict of interest adversely affected his lawyer's performance.'" The *Holloway* claim, however, was held over for a hearing.

On July 17, 1981, the district court entered an order granting a writ of habeas corpus. *See* 527 F.Supp. 422. Without finding that an actual conflict of interest adversely affected defense counsel's performance at the preliminary examination, the court held that in light of counsel's objection to a joint hearing, "'reversal is automatic.'" *Id.* at 426 (quoting *Holloway v. Arkansas,* 435 U.S. at 489, 98 S.Ct. at 1181). The order granting the writ was stayed pending appeal.

A majority of a panel of this court affirmed the district court's judgment on February 7, 1983. On April 1, 1983, however, we granted the petition for rehearing, vacated the panel decision, and assigned the appeal to a calendar for consideration by the full court.

## II.

The fundamental principles embodied in the Sixth Amendment are beyond dispute. A criminal defendant is entitled to counsel unimpaired by a conflict of interest. *Glasser v. United States,* 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Joint representation, however, is not per se violative of this constitutional guarantee. To establish a constitutional violation, a defendant who raised no objection "at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). A constitutional violation occurs, and proof of an actual conflict is not required, when a defendant's attorney objects to joint representation and the trial court overrules the objection without exploring the basis of the objection or the adequacy of the representation in the face of a potential conflict of interest. *See Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978).

The positions espoused in *Cuyler* and *Holloway* are, in fact, very similar. The Supreme Court in *Holloway* did not create a technical rule that benefits a defendant without any relationship to the fairness of his prosecution. The Court in *Holloway* simply noted that the best proof of an actual conflict of interest may be an *objection* to multiple representation. Defense counsel are generally best situated to notice a conflict of interest and are obligated to report actual conflicts to the court. *See Holloway,* 435 U.S. at 485–86, 98 S.Ct. 1179–80. Absent an inquiry by the trial judge that reveals the objection to be specious, the objection itself is sufficient evidence that an actual conflict of interest affected counsel's performance. Once a Sixth Amendment violation is established under *Cuyler* or *Holloway,* relief must be granted; unconstitutional multiple representation is never harmless error. *See Cuyler,* 446 U.S. at 349, 100 S.Ct. at 1718; *Holloway,* 435 U.S. at 490–91, 98 S.Ct. at 1181–82.

In attempting to apply Sixth Amendment principles in this appeal, the respondents unfortunately misuse terminology. They urge us to apply a "harmless error analysis" with respect to the adequacy of the petitioner's representation. By the phrase "harmless error analysis," however, the respondents mean that relief should not be granted unless the petitioner demonstrates an "adverse effect upon his counsel's performance at the preliminary hearing as a result of any potential conflict." Brief for Respondents-Appellants at 9. When the respondents' position is thus defined, it becomes evident that they are not conceding a constitutional violation occurred and requesting us to find the error harmless—i.e., that the petitioner would have been convicted anyway, *see United States ex rel. Williams v. Franzen,* 687 F.2d 944, 948–49 (7th Cir.1982); *Wade v. Franzen,* 678 F.2d 56, 59 (7th Cir.1982). Rather, the respondents are asking us to apply the rule of *Cuyler v. Sullivan* to this case and hold that a Sixth Amendment violation must be established by proof of an actual conflict of interest adversely affecting counsel's performance. The respondents made this argument to the district court and therefore preserved the matter for our present attention.

### III.

From examining the state-court record, we fail to perceive any objection to joint representation. The defense attorney objected to consolidating the preliminary proceedings against the petitioner and Stanley Tyler; he did not object to representing both defendants. When the prosecutor moved to hold a consolidated preliminary examination, the defense counsel stated: "[W]e'd be objecting to that.... I believe that there is a potential conflict that could arise in their cases. This problem could be remedied, as I see it, by a severance." The defense counsel's objection to a combined preliminary hearing was overruled but he did not seek leave to withdraw. Apparently unaware of an actual conflict of interest, he continued to represent both defendants at the preliminary hearing and the subsequent, separate trials.

In the absence of an objection to joint representation, therefore, the petitioner carried the burden announced in *Cuyler v. Sullivan*—demonstrating that an actual conflict of interest adversely affected his lawyer's performance. The *Cuyler* standard does not present an impenetrable barrier to relief on Sixth Amendment claims. The petitioner was free in the district court to prove that a conflict of interest affected his counsel's performance at some stage of the prosecution, such as during plea negotiations, *see Ross v. Heyne,* 638 F.2d 979, 983 (7th Cir.1980), or at trial, *see United States ex rel. Tonaldi v. Elrod,* 716 F.2d 431, 433 (7th Cir.1983). He did not, and consequently the respondents are entitled to judgment on the petitioner's Sixth Amendment claim.

We are, of course, mindful of the Supreme Court's statement that in "special circumstances" a trial court has a sua sponte duty to inquire into the propriety of joint representative. *See Cuyler,* 446 U.S. at 346–47, 100 S.Ct. at 1717–18. The mere fact of joint representation, however, is not

a special circumstance. *See id.* at 346, 100 S.Ct. at 1717. And a potential conflict of interest does not trigger the duty to investigate; rather an inquiry need be initiated only when the trial judge "knows or reasonably should know that a *particular* conflict exists." *Id.* at 347, 100 S.Ct. at 1717 (emphasis added); *see United States ex rel. Ballard v. Bengston,* 702 F.2d 656, 662 n. 5 (7th Cir.1983). Properly understood, therefore, the duty to inquire in special circumstances is a reflection of the fact that absent an inquiry, the record will demonstrate that a particular conflict existed in violation of the Sixth Amendment. Unless a judicial inquiry rebuts the conclusion otherwise compelled by the circumstances, relief must be granted.

■ The record in this case is devoid of special circumstances requiring a judicial inquiry. The defense counsel did inform the court at the preliminary examination that the petitioner's and Stanley Tyler's cases might conflict. In overruling the objection to a consolidated hearing, however, the state court was entitled to recognize the limited role of defense counsel at a preliminary hearing in Illinois. The hearing is not intended to be a discovery proceeding. *See People v. Horton,* 65 Ill.2d 413, 417, 3 Ill. Dec. 436, 439, 358 N.E.2d 1121, 1124 (1976). Hearsay evidence is admissible, *see People v. Velez,* 72 Ill.App.2d 324, 335, 219 N.E.2d 675, 681 (1966), and the state is not obligated to produce witnesses designated by the defendant, *see People v. Blackman,* 91 Ill. App.3d 130, 132, 414 N.E.2d 246, 247 (1980). The defendant has no right to present evidence, *see* Steigmann, *The Preliminary Hearing in Illinois,* 66 Ill.B.J. 700, 703 (1978), and the hearing may be terminated once probable cause is established, *see People v. Bonner,* 37 Ill.2d 553, 560, 229 N.E.2d 527, 531 (1967). Given these limits, the defense attorney's statement that the defendants' cases might conflict should not have been interpreted as a statement that counsel's performance at a consolidated preliminary hearing would be impaired by a conflict of interest.

Moreover, nothing that occurred during the preliminary hearing should have alerted the court to a particular conflict of interest. The only evidence implicating the two defendants was hearsay testimony. A police officer testified regarding statements made by Kevin Taylor—the participant in the crimes who cooperated with the state. The defense counsel cross-examined the officer about the investigation and interrogation of Kevin Taylor. Because Kevin Taylor was not himself on the stand, we fail to see what more the attorney could have done. The petitioner has not informed us how the counsel could have performed differently and as "no actual conflict has been shown even yet, the [state-court judge] could hardly have noticed it." · *United States v. Green,* 680 F.2d 183, 191 n. 12 (D.C.Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1204, 75 L.Ed.2d 445 (1983).

Nor should the judge at the preliminary hearing have foreseen an actual conflict at later stages in the prosecutions. The petitioner's and Tyler's cases were severed, and separate trials significantly reduce the possibility of an actual conflict of interest. *See Cuyler,* 446 U.S. at 347, 100 S.Ct. at 1717; _United States v. Mavrick,_ 601 F.2d 921, 930 (7th Cir.1979). Indeed, the defense attorney, who was best situated to judge the matter, asserted that a severance would remedy any conflict in the cases.

■ Finally, we emphasize what we have not done in this opinion. We have not decided that it was wise for one attorney to represent both the petitioner and Stanley Tyler. And we have not ruled that it was prudent for the state court not to inquire into the adequacy of joint representation. We have applied settled constitutional law and determined that the petitioner failed to establish a Sixth Amendment violation.

### IV.

For the reasons expressed in this opinion, the judgment of the district court is reversed.