*In re* W.J., a Minor (The People of the State of Illinois, Plaintiff-Appellant, v. W.J., a Minor, Respondent-Appellee).

First District (4th Division)   No. 1—95—1577

Opinion filed September 30, 1996.

CAHILL, J., specially concurring.
THEIS, J., dissenting.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Peter D. Fischer, and Robert Robertson, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender (Elizabeth Clarke, Assistant Public Defender, of counsel), and Gabriel Fuentes and Diana White, both of Jenner & Block, and Steven Drizin, of Northwestern University, all of Chicago, for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The State filed a petition for adjudication of wardship against the

minor respondent, W.J. A detention hearing was held pursuant to section 5—10 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—10 (West 1994)), after which the trial court found probable cause to believe that the respondent was a delinquent minor. The State then moved to transfer the respondent's case for prosecution under the criminal laws pursuant to section 5—4(3.3) of the Act (705 ILCS 405/5—4(3.3) (West 1994)), but the court denied the transfer motion on the basis that the State failed to make the required showing of probable cause. The State now appeals from this ruling, raising the following issues: (1) whether the court erred in interpreting section 5—4(3.3)(a) to require a new hearing and determination of probable cause even though the State had already established probable cause for purposes of the respondent's detention proceeding; and (2) whether the court erred in concluding, based upon principles of fundamental fairness, that it could not consider the transcript of the detention hearing as proof of probable cause at the transfer proceeding.

An amended petition (petition) was filed on April 3, 1995, charging the 16-year-old respondent with aggravated battery and aggravated discharge of a firearm resulting from a double shooting. In conjunction with the petition, the State filed a section 5—4(3.3) motion seeking to transfer the respondent for prosecution as an adult under the criminal laws.

■ Also on April 3, 1995, the matter proceeded to a section 5—10 detention hearing. 705 ILCS 405/5—10 (West 1994). Section 5—10 hearings must be held within 36 hours after the minor is taken into custody (705 ILCS 405/5—9 (West 1994)) and encompass the following:

> "At the appearance of the minor before the court at the detention or shelter care hearing, all witnesses present shall be examined before the court in relation to any matter connected with the allegations made in the petition. No hearing may be held unless the minor is represented by counsel.
>
> (1) If the court finds that *there is not probable cause to believe that the minor is a delinquent minor* it shall release the minor and dismiss the petition.
>
> (2) If the court finds that *there is probable cause to believe that the minor is a delinquent minor*, the minor, his or her parent, guardian, custodian and other persons able to give relevant testimony shall be examined before the court. ***
>
> If the court finds that it is a matter of immediate and urgent necessity *** that the minor be detained ***, the court may prescribe detention or shelter care." (Emphasis added.) 705 ILCS 405/5—10 (West 1994).

At the detention hearing, the State presented evidence tending to prove the allegations in the petition. Following arguments, the court found that the State had established probable cause under section 5—10. The court also found an immediate and urgent necessity to hold the respondent in custody pending his adjudicatory hearing.

■ On April 18, 1995, a hearing was held on the State's motion to transfer the respondent for prosecution as an adult. Section 5—4(3.3)(a) of the Act provides as follows:

"If the State's Attorney files a motion *** to permit prosecution under the criminal laws and the petition alleges the commission by a minor 15 years of age or older of *** (ii) aggravated discharge of a firearm ***, and, if the juvenile judge designated to hear and determine motions to transfer *** determines that *there is probable cause to believe that the allegations in the petition and motion are true*, there is a rebuttable presumption that the minor is not a fit and proper subject to be dealt with under the [Act], and that, except as provided in paragraph (b), the case should be transferred to the criminal court." (Emphasis added.) 705 ILCS 405/5—4(3.3)(a) (West 1994).

Section 5—4(3.3)(b) states that the judge shall then enter an order permitting prosecution under the criminal laws, unless he finds that the minor would be amenable to care, treatment, and training programs available through the juvenile court. This decision is based upon an evaluation of seven enumerated factors, including the criminal history and sophistication of the minor, his age, and the gravity of his alleged offense. 705 ILCS 405/5—4(3.3)(b) (West 1994).

In its transfer motion, the State enumerated the charges against the respondent and noted that the court had entered a finding of probable cause at the detention hearing. As its sole evidence in support of these charges, the State presented a certified copy of the transcript of the detention hearing. The respondent stipulated to the transcript as a true representation of the detention proceedings, but then moved for a directed finding on the basis that the State failed to prove probable cause for purposes of transfer under section 5—4(3.3). The trial court denied the transfer motion, concluding that although the State had demonstrated probable cause for purposes of the detention hearing, it would be "fundamentally unfair" to consider this proof as sufficient for purposes of a section 5—4(3.3) transfer motion.

On appeal, the State first contends that the court erred in interpreting the Act to require a separate probable cause hearing for the transfer motion where the court had already found probable cause at the respondent's detention hearing. According to the State, the probable cause requirements under sections 5—4(3.3) and 5—10

are predicated upon the same conduct, and a finding under section 5—10 should be binding upon the transfer judge and automatically trigger the rebuttable presumption of transfer under section 5—4(3.3). The respondent maintains that section 5—4(3.3) requires a separate and independent hearing and determination of probable cause, and that a new hearing is warranted because the rights at stake in transfer proceedings are far greater than those in a detention hearing.

In construing a statute, the first step is to examine the plain and ordinary meaning of the statutory language. *People v. Scharlau*, 141 Ill. 2d 180, 193, 565 N.E.2d 1319 (1990). We consider this in light of the objective the legislation sought to accomplish and the evils it aimed to remedy. *Scharlau*, 141 Ill. 2d at 192, citing *City of Springfield v. Board of Election Commissioners*, 105 Ill. 2d 336, 340-41, 473 N.E.2d 1313 (1985). The court must construe the statute as a whole and avoid interpretations that would render any word or paragraph meaningless. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111, 610 N.E.2d 1250 (1993). We presume that in enacting a new law, the legislature was aware of the construction the courts previously placed upon certain terms and phrases within the statute. See *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 388, 604 N.E.2d 929 (1992).

■ The State's position on this point must be rejected, because the plain language of the Act mandates that a separate probable cause hearing be held for motions to transfer. Section 5—4(3.3)(a) specifies that the probable cause decision must be made by "the juvenile judge designated to hear and determine motions to transfer." See also 705 ILCS 405/5—4(3.3)(a) (West 1994) (requiring hearing by designated transfer judge in conjunction with investigation). Only after this judge finds probable cause does the rebuttable presumption in favor of transfer apply.

Additionally, the judge designated to hear the transfer motion must determine whether "there is probable cause to believe that the allegations in the petition and motion are true." 705 ILCS 405/5—4(3.3)(a) (West 1994). By contrast, a judge in a detention hearing merely ascertains whether there is probable cause to believe the minor is a delinquent minor (705 ILCS 405/5—10(1) (West 1994)). A "delinquent minor" can be anyone who has violated or attempted to violate the law before age 17. 705 ILCS 405/5—3(1) (West 1994). We presume that in drafting the Act, the legislature was aware of this variation in the language of the two sections and that this variation was intentional.

The State's position also contravenes the rule that a judge is not

bound by a prior finding in a case where the finding is purely interlocutory. See *Balciunas v. Duff*, 94 Ill. 2d 176, 446 N.E.2d 242 (1983). A determination of probable cause under section 5—10 is nonfinal in nature (see generally *In re J.N.*, 91 Ill. 2d 122, 435 N.E.2d 473 (1982); *In re Gomez*, 100 Ill. App. 3d 299, 426 N.E.2d 1084 (1981)), and, thus, it cannot bind the judge in the subsequent transfer proceeding. In the absence of express legislative intent to deviate from this well-established principle, we must reject the State's contention that the transfer judge should be bound by a prior probable cause determination.

On the other hand, where the State has already tendered relevant, reliable proof of the allegations in the petition during the detention hearing, we see no reason to require that it repeat the same process before the transfer judge. Instead, where the State elects to offer the transcript of the prior hearing as all or part of its direct evidence of probable cause in the transfer hearing, the transfer judge must have discretion to admit the transcript or to take judicial notice of the prior proceedings. Our courts have recognized the critical nature of transfer proceedings to the minor respondent (see, *e.g., People v. Clark*, 119 Ill. 2d 1, 11, 518 N.E.2d 138 (1987), citing *Kent v. United States*, 383 U.S. 541, 556, 16 L. Ed. 2d 84, 94, 86 S. Ct. 1045, 1055 (1966)), and held that the proceedings must measure up to the essentials of due process and be conducted with "fundamental fairness." *In re S.R.H.*, 96 Ill. 2d 138, 144, 449 N.E.2d 129 (1983), citing *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967). However, the salient feature of the transfer hearing is that, analogous to the preliminary or detention hearing, it does not result in a determination of guilt or innocence. *People v. Taylor*, 76 Ill. 2d 289, 302, 391 N.E.2d 366 (1979); see also *People v. P.H.*, 145 Ill. 2d 209, 227-28, 582 N.E.2d 700 (1991); *People v. Cooks,* 271 Ill. App. 3d 25, 39, 648 N.E.2d 190 (1995). As such, the requisite due process safeguards need not rise to the level mandated in a criminal or adjudicatory proceeding. *P.H,* 145 Ill. 2d at 227; *Taylor*, 76 Ill. 2d at 303; see also *Gerstein v. Pugh*, 420 U.S. 103, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975). Like the preliminary hearing, transfer proceedings may be based upon hearsay evidence (*In re R.T.*, 271 Ill. App. 3d 673, 648 N.E.2d 1043 (1995); *Cooks*, 271 Ill. App. 3d at 39; see also *In re S.I.*, 234 Ill. App. 3d 707, 600 N.E.2d 889 (1992)), as the accused in a preliminary proceeding has no right to confront witnesses against him. See *People v. Blackman*, 91 Ill. App. 3d 130, 132, 414 N.E.2d 246 (1980); *S.I.,* 234 Ill. App. 3d 707, 600 N.E.2d 889. Considering these principles, the supreme court in *Taylor* sanctioned the use of "documentary or testimonial evidence of a reliable nature" as an appropriate method

of proof at transfer hearings and as consistent with the mandate of fundamental fairness. *Taylor*, 76 Ill. 2d at 305; see also *People v. Stocks*, 93 Ill. App. 3d 439, 417 N.E.2d 1080 (1981).

The State contends that the trial judge erred in ruling that fundamental fairness absolutely barred his consideration of the detention hearing transcript. As its case in chief at the transfer proceeding, the State offered a stipulated copy of the transcript of the detention hearing. The court summarily rejected the State's proffered evidence on the basis that it was fundamentally unfair to consider it as proof of probable cause under section 5—4(3.3).

We disagree. In our view, the detention hearing transcript is "documentary or testimonial evidence" as contemplated in *Taylor* and should be treated as such. If the transfer judge determines that the transcript is authentic and comprised of relevant and reliable evidence, he should admit it into evidence in a transfer proceeding. Of course, the weight to be given this evidence is a matter peculiarly within the province of the trial court. Further, the determination of whether or not it constitutes *prima facie* proof of probable cause would be a matter of trial court discretion and not subject to reversal unless the court's determination was an abuse of discretion. See *Taylor*, 76 Ill. 2d at 300-01.

At a detention proceeding, the minor respondent must be represented by counsel (see 705 ILCS 405/5—10 (West 1994)) and is afforded an opportunity to fully cross-examine the State's witnesses. At a transfer hearing where the State relies in whole or part upon the transcript of a detention hearing, the respondent should be allowed to resubpoena any State witnesses for further cross-examination if he deems it necessary (see *Stocks*, 93 Ill. App. 3d at 446), and may also present any newly acquired evidence disproving the allegations in the petition. The respondent has the benefit of the time following the detention hearing to further confer with counsel and undertake an investigation of the case against him. In the event the State seeks a transfer hearing on the same date as the detention hearing, the respondent should be allowed a continuance for the transfer proceeding to permit time to prepare his case. At the same time, there should be nothing precluding the respondent from waiving his right to present further evidence beyond that offered at the detention proceeding.

We are aware of decisions in the first and third divisions of this district requiring that probable cause for a transfer motion be proven without resort to transcripts from prior detention proceedings. *In re R.L.*, 282 Ill. App. 3d 839 (1996); *In re J.E.*, 282 Ill. App. 3d 794 (1996).

The concern of these courts was the critical nature of the transfer proceedings and the fact that at detention hearings, held within 36 hours from arrest, respondents often have not had sufficient time to meaningfully confer with counsel, investigate the alleged charge, and obtain witnesses to rebut the State's case. Thus, they should not be bound by the evidence presented at these hearings.

While we share the concerns expressed in these opinions, we see no real benefit to requiring the rote repetition of proof already offered; rather, the minor may be assured a fair transfer proceeding if he is allowed to recall State witnesses for further cross-examination, where necessary, and to present any new evidence in his own defense. "The doctrine of judicial notice of evidence taken in the same case before the same judge is one of common sense." *Stocks*, 93 Ill. App. 3d at 445-46. Such practice, together with the requirement that the court clearly articulate the reasons for its determination to transfer or not, sufficiently comports with the requirement of fundamental fairness.

Based upon the above analysis, the trial court's refusal to consider the transcript as a matter of law was error. Accordingly, we reverse and remand this case for a transfer hearing consistent with the opinions expressed in this case.

Reversed and remanded.

JUSTICE CAHILL, specially concurring:

I concur. I write separately only to stress the point made in the majority opinion: nothing in the law prohibits a judge at a transfer hearing from considering evidentiary material received at a detention hearing. The opinions of the first and third divisions barring such evidence, unless the defense stipulates to the evidence or agrees to its admission, are without citation to authority and turn a long-settled rule for the admission of evidence on its head. The State in a juvenile proceeding has as much right to an even playing field as the defense. Tinkering with established rules of evidence under the guise of protecting the rights of juveniles strikes me as imprudent.

The concern expressed for juvenile offenders by our dissenter (and the majority in *In re R.L.*) is legitimate and laudable, but leads them to impose an unprecedented restriction on the prosecution in juvenile cases that is more an announcement of a public policy than a defense of due process. Due process remains firmly in place under the analysis of the majority in the case before us. Public policy is a matter for the legislature.

JUSTICE THEIS, dissenting:

The issue before us today is not one of first impression, as the courts in *In re R.L.*, 282 Ill. App. 3d 839, 668 N.E.2d 70 (1996), and *In re J.E.*, 282 Ill. App. 3d 794, 668 N.E.2d 1052 (1996), have interpreted the transfer statute as requiring a proceeding independent of the detention proceeding. The majority embrace this statutory analysis, rejecting the State's argument that a determination of probable cause in the detention hearing constitutes probable cause in the transfer hearing, and I concur with this portion of the majority's opinion. However, the majority then hold the detention hearing transcript may be admissible to prove probable cause in the transfer hearing. Such a conclusion erodes the concept of independence envisioned by the statute. Because this ruling creates a cumbersome proceeding in the name of the rules of evidence, and because such a rule fails to comport with notions of fundamental fairness, I respectfully dissent.

The United States Supreme Court has stated that due process and fair treatment are required in juvenile court proceedings. *Kent v. United States*, 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966). In juvenile proceedings, fundamental fairness is the applicable due process standard. *McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976 (1971).

The Illinois Supreme Court has further stated that, because a juvenile transfer hearing is not an adjudicatory proceeding, reliable hearsay evidence may be admissible in a transfer hearing to prove probable cause. *People v. Taylor*, 76 Ill. 2d 289, 391 N.E.2d 366 (1979). The majority rely upon the holding in *Taylor* to support their position that documentary evidence of a reliable nature is admissible even though it contains hearsay. However, *Taylor* recognizes that "[t]o determine what specific procedural safeguards fundamental fairness requires in the context of a particular proceeding, one must understand the nature of the proceeding." 76 Ill. 2d at 302, 391 N.E.2d at 372.

Under the statute before the court in *Taylor* (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)), the court was required to consider equally weighted factors in determining whether the juvenile should be transferred. *Taylor*, 76 Ill. 2d at 297, 391 N.E.2d at 370. Whether the grand jury might return an indictment was only one factor among several the court weighed. The court noted that the admission of a juvenile's social record containing hearsay was critical, as the judge " 'does not simply deal with a specific factual incident *** but rather *** must consider the juvenile's past, his future, his mind, and his acts and then balance these factors.' " *Taylor*, 76 Ill. 2d at 304-05, 391 N.E.2d at 373, quoting *In re F.R.W.*, 61 Wis. 2d 193, 210, 212 N.E.2d

130, 139 (1973), quoting *Miller v. Quatsoe*, 332 F. Supp. 1269, 1275 (E.D. Wis. 1971). While the *Taylor* court was concerned with affording the court a complete view of the juvenile in allowing the documentary hearsay evidence, the statute before us today prescribes a dramatically different proceeding.

The newly amended statute provides that once the "court determines that there is probable cause to believe that the allegations in the petition and motion are true, there is a *rebuttable presumption* that the minor is not a fit and proper subject to be dealt with under the Juvenile Court Act of 1987." (Emphasis added.) 705 ILCS 405/5—4(3.3)(a) (West Supp. 1995). The unusual procedural position of this hearing shifts the burden of coming forward with evidence upon the juvenile. The juvenile must persuade the court that various social factors militate against denying him the protections afforded by the Juvenile Court Act.

Rebuttable presumptions shift the burden of proof. *Heiner v. Donnan*, 285 U.S. 312, 76 L. Ed. 772, 52 S. Ct. 358 (1932). By definition, such presumptions recognize certain facts in the absence of further evidence, providing a *prima facie* case which shifts the burden to go forward with evidence to the defendant. See *Smith v. Tri-R Vending*, 249 Ill. App. 3d 654, 619 N.E.2d 172 (1993). The United States Supreme Court has held that courts traditionally examine both statutory and common law inferences closely for compliance with due process standards. See *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975).

The scheme envisioned by the majority's opinion creates a process that is fundamentally unfair to the juvenile offender. The majority state that under this scheme, the trial court has the discretion to admit the transcript from the detention proceeding to establish the State's position in whole or in part. However, the majority place an additional burden upon the juvenile not envisioned by the transfer statute. That is, the State's offering of the detention hearing transcript will require the juvenile to come forward with evidence to prevent the rebuttable presumption of transfer from arising. The statute does not contemplate this additional burden, and fundamental fairness prevents reading the burden into the statute.

The majority recognize that new issues often will arise after defense counsel has had an opportunity to prepare for the transfer hearing. While the defense may still recall witnesses who have previously testified at the detention hearing, many questions are raised by this procedure. What if the witnesses are not available for further cross-examination? Will the court strike the transcript of their earlier testimony? Or, will the burden of going forward with evidence rest

squarely on the defense? Will the scope of this new hearing be limited by the evidence adduced at the detention hearing? How will the court, charged with the explicit duty to determine whether the allegations are true, determine the critical issue of credibility when the witnesses will be presented only for cross-examination without direct?

Furthermore, the majority's goal of an expeditious proceeding rarely will be realized because defense counsel, in the absence of a stipulation, will surely recall witnesses. With no answers to these glaring questions, I cannot support the majority's position.

The United States Supreme Court has ruled "the waiver of jurisdiction is a 'critically important' action determining vitally important statutory rights of the juvenile." *Kent v. United States*, 383 U.S. 541, 556, 16 L. Ed. 2d 84, 94, 86 S. Ct. 1045, 1055 (1966). The court in *Taylor* noted the desire to afford juvenile courts great latitude in rendering their decisions. *Taylor*, 76 Ill. 2d 289, 391 N.E.2d 366. While great care is taken to prevent juvenile courts from becoming overburdened by technical rules and procedures, all proceedings must be constrained by due process. "[U]nbridled discretion, however benevolently motivated, is frequently a poor substitute for principle and procedure." *In re Application of Gault*, 387 U.S. 1, 18, 18 L. Ed. 2d 527, 541, 87 S. Ct. 1428, 1439 (1967).

The majority, and the courts in *In re R.L.* and *In re J.E.*, all agree that the transfer statute and notions of fairness require a proceeding that is independent of the detention hearing. The wisest course is to allow transfer hearings to go forward as truly independent proceedings, where the State has the burden to come forward with evidence and call live witnesses to establish its position. Considering the serious nature of the transfer proceeding, particularly in light of the presumption created under the new statute, fundamental fairness requires nothing less. Therefore, I dissent.