**BLUMCRAFT OF PITTSBURGH, a Partnership Consisting of Hyman Blum, Max Blum, Louis Blum, and Harry P. Blum, Plaintiff,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 696-63.**

United States District Court
District of Columbia.

March 1, 1965.

John F. Smith, Washington, D. C., James C. McConnon, Paul & Paul, Philadelphia, Pa., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action under 35 U.S.C. § 145 against the Commissioner of Patents seeking judgment authorizing the Commissioner to issue a patent on an application (Design Serial No. 54,864) filed March 5, 1959, by the plaintiff.

The application relates to the design of a single railing post. A companion application (Design Serial No. 54,387) was also filed by the plaintiff on January 12, 1959. It was directed to a railing design which contained a plurality of the individual railing posts assembled and mounted in the form of a railing unit.

The Patent Office held originally that election was required between the two applications on the theory of double patenting. Plaintiff then was permitted to combine the subject matter of the two applications in one of the applications (No. 54,387), but refused permission to claim in the combined application both the railing unit and the individual railing post as his invention.

The Patent Office Board of Appeals sustained the rejection of the claim to the single post in the application at issue (No. 54,864), but recommended the allowance of a single claim in the combined application (No. 54,387). That claim was limited to the entire railing unit. The combined application was passed to issue April 23, 1963 as Design Patent No. 195,-

082. The present civil action seeks additional patent rights covering the design of the railing post alone.

At trial, the Patent Office took the position that the design for the entire railing unit is not "patentably distinct" from the design showing an individual railing post, stating that the subject matter as a whole presents a "single inventive concept". More specifically, the Patent Office relied upon the view of the Board of Appeals, which stated that "Railing posts are conventionally used in series array in * * * conventional orientations * * *"; that the figures showing the unit as a whole "represent but conventionally accepted use with resultant series appearance of the post * * *"; and that "the dominant aspect is the same in each figure * * *."

In response to this position, the plaintiff contended that the patent law does not recognize a "dominant aspect" in a combination or a design patent which is protected apart from the combination or design as a whole, citing Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592 (1960). The plaintiff quoted from pp. 344–345, 81 S.Ct. p. 604 of that opinion the following language:

"For if anything is settled in the patent law, it is that the combination patent covers only the totality of the elements in the claim and that no element, separately viewed, is within the grant. See the Mercoid cases, supra, 320 U.S. at 667; 320 U.S. at 684. The basic fallacy in respondent's position is that it requires the ascribing to one element of the patented combination the status of patented invention in itself. Yet this Court has made it clear in the two Mercoid cases that there is no legally recognizable or protected 'essential' element, 'gist' or 'heart' of the invention in a combination patent".

The plaintiff also relied upon the following language of § 1504.01 of the Patent Office Manual of Patent Examining Procedure:

"Since under the law a design patent covers only the design as an entirety and does not extend to segregable parts (contrasting in this respect to the copyright law which extends protection to 'all the copyrightable component parts'), the only way to protect such parts is by taking out separate patents therefor. Ex parte Sanford, 1914, C.D. 69; 204 O.G. 1346."

In view of the authority cited, the plaintiff contends that his patent for the design of the entire railing unit will not protect him against use by others of the design of the individual post.

As support for this argument, plaintiff introduced at trial examples of related designs showing his posts incorporated in railing units which would not infringe his patent.

Finally, plaintiff proposed at trial to disclaim and dedicate to the public so much of the terminal part of the term of any patent granted upon the present application which might extend beyond the termination of his rights in Design Patent No. 195,082.

After reviewing the record in the Patent Office, the evidence at trial, and the controlling Court decisions, the Court believes that the plaintiff is entitled to protection for his design showing the single railing post. The Patent Office, though contending the individual post is not "patentably distinct" from the railing unit, has admitted that the post is a "segregable part" of the unit. Since the patent law does not afford protection for such a "segregable part", plaintiff is placed in an unconscionable position. He is first denied protection in the Patent Office for what is admittedly a novel design on the ground that the design does not differ sufficiently from the design of a combination of which it may form a segregable part. Then, under court decisions, plaintiff is refused protection for the same design on the theory that patent rights covering the combination do

not extend to its segregable parts. From this it is clear that the courts and the Patent Office do not agree on the meaning of "patentably distinct". The courts must be saying that if a thing is a "segregable part" of a combination, then the thing is "patentably distinct" from it, since otherwise patent rights for the combination would extend to the part as well. The Patent Office, however, maintains that something may at the same time be a "segregable part" of something and yet not be "patentably distinct" from it. Since these views cannot be reconciled, and since their mutual continuance will deny patent protection for admittedly novel designs, the view of the Patent Office must give way.

The Court, accordingly, will find for the plaintiff and against the defendant, and will authorize the Commissioner of Patents to grant a patent containing the subject matter of plaintiff's application Serial No. D54,864. The Court will further direct the plaintiff to file terminal disclaimer papers in the Patent Office in conformance with the proposal he made at trial.

The above Opinion contains Findings of Fact and Conclusions of Law.