**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NEIL C. PETERSON,
             *Plaintiff-Appellant,*

v.

STATE OF CALIFORNIA; COUNTY OF
NEVADA; ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA,
             *Defendants-Appellees.*

No. 09-15633

DC No.
CV 08-0442 GEB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted April 16, 2010*
San Francisco, California

Filed May 17, 2010

Before: A. Wallace Tashima and Sidney R. Thomas,
Circuit Judges, and William Stafford,
Senior District Judge.**

Opinion by Judge Tashima

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

## COUNSEL

Cyrus Zal, Folsom, California, for the plaintiff-appellant.

Michael S. Jamison, Office of the Nevada County Counsel, Nevada City, California, for defendant-appellee County of Nevada.

## OPINION

TASHIMA, Circuit Judge:

Neil Peterson appeals the district court's grant of judgment on the pleadings to the County of Nevada in his 42 U.S.C. § 1983 action. Peterson alleged that California Proposition 115 ("Prop. 115"), the Crime Victims Justice Reform Act, violates his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Prop. 115, which was adopted by California voters in 1990, added both constitutional and statutory language to permit a probable cause determination at a preliminary hearing to be based on hearsay evidence presented by a qualified investigative officer. *See Whitman v. Superior Court*, 820 P.2d 262, 265 (Cal. 1991). Prop. 115 amended the California Constitution to provide:

> In order to protect victims and witnesses in criminal cases, hearsay evidence shall be admissible at preliminary hearings, as prescribed by the Legislature or by the people through the initiative process.

Cal. Const. art. I, § 30(b). It also amended the California Penal Code to provide:

> Notwithstanding [the hearsay rule], the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer . . . relating the statements of declarants made out of court offered for the truth of the matter asserted . . . . Any law enforcement officer . . . testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course certified by the Commission on Peace Officer Standards and Training that includes training in the investigation and reporting of cases and testifying at preliminary hearings.

Cal. Penal Code § 872(b). Prop. 115 further amended the California Evidence Code to provide a preliminary hearing exception to the general requirement that hearsay declarants be made available for cross-examination. Cal. Evid. Code § 1203.1.

## II

Peterson was charged in 2005 with two felonies and several misdemeanors for health and safety violations arising out of his ownership and operation of an automobile dismantling site. Pursuant to Prop. 115, at the preliminary hearing, the prosecution called only one witness, the investigating officer, who testified to the hearsay statements of other witnesses. The magistrate found probable cause to hold Peterson for trial.

After a pre-trial hearing, the superior court excluded certain evidence for which the State failed to establish a proper chain of custody and, on that basis, granted a pre-trial motion to dismiss the two felony counts. A jury convicted Peterson on certain of the remaining misdemeanor counts.

Peterson thereafter filed this action under 42 U.S.C. § 1983 against the County of Nevada (the "County"), State of California (the "State"), and Attorney General Edmund G. Brown Jr. contending that Prop. 115 violates the Fourth, Sixth, and Fourteenth Amendments. He seeks damages and injunctive and declaratory relief. The district court dismissed the State and the Attorney General, a decision Peterson does not challenge on appeal. The district court also granted the County's motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). It held that the admission of hearsay statements at a preliminary hearing did not violate the Fourth, Sixth, or Fourteenth Amendments.[1] Peterson timely appeals from that judgment.

We review de novo the grant of a motion for judgment on the pleadings, *see Dunlap v. Credit Prot. Ass'n*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam), as well as a district court's determination of federal constitutional law, *United States v. Cook*, 859 F.2d 777, 778 (9th Cir. 1988). We hold that each of Peterson's constitutional challenges fails.

---

[1]The district court also denied Peterson leave to amend his complaint. That ruling is not challenged on appeal.

### III

**[1]** Peterson's primary contention is that Prop. 115 deprives him of his Sixth Amendment right to confront the witnesses against him at a preliminary hearing. This challenge raises an issue we have not yet confronted in this circuit: whether the admission of hearsay evidence at a preliminary hearing violates the Confrontation Clause. Although it is a novel question, persuasive case law guides our resolution of the issue. Shortly after Prop. 115 was passed, the California Supreme Court held that Prop. 115 does not violate the federal Constitution's Confrontation Clause. *See Whitman*, 820 P.2d at 269-71. We agree.

**[2]** First, as *Whitman* reasoned, the preliminary hearing itself is not constitutionally mandated. *Id.* at 271 ("[O]ther than the probable cause hearing held to justify continued *detention* of the accused [analyzed under the Fourth Amendment], there exists no federal constitutional right to a preliminary hearing to determine whether a case should proceed to trial." (emphasis in original)); *see also Ramirez v. Arizona*, 437 F.2d 119, 119-20 (9th Cir. 1971) ("The Federal Constitution does not secure to a state court defendant a right to a preliminary hearing."). In fact, in the federal system, all felonies are prosecuted by indictment, *see* U.S. Const. amend. V, and hearsay is admissible in proceedings before the grand jury which result in the return of indictments. *See Costello v. United States*, 350 U.S. 359, 363-64 (1956); *Whitman*, 820 P.2d at 271. As the preliminary hearing itself is not constitutionally required, it follows that there are no constitutionally-required procedures governing the admissibility of hearsay at preliminary hearings.

**[3]** Second, the United States Supreme Court has repeatedly stated that the right to confrontation is basically a trial right.

> The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and

the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.

*Barber v. Page*, 390 U.S. 719, 725 (1968); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (holding that "the right to confrontation is a *trial* right" and "[n]ormally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses" (emphasis in original)); *California v. Green*, 399 U.S. 149, 157 (1970) ("[I]t is th[e] literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause[.]").

**[4]** Similarly, in *Kentucky v. Stincer*, 482 U.S. 730 (1987), the Supreme Court held that the defendant's exclusion from a hearing to determine the competency of two child witnesses did not violate his confrontation right. *Id.* at 735, 744. The Court reasoned that exclusion from the hearing did not interfere with the defendant's opportunity for effective cross-examination because he was able to examine the witnesses at trial. *Id.* at 740. Thus, under the Supreme Court's Confrontation Clause jurisprudence, Peterson was entitled to confront witnesses against him at trial, which he did. He was not constitutionally entitled to confront them at his preliminary hearing.

**[5]** We also note that both the Fifth and Seventh Circuits have held that there is no right to confront witnesses at a preliminary hearing before being required to stand trial. *See United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985) ("[T]he sixth amendment does not provide a confrontation right at a preliminary hearing."); *United States v. Harris*, 458 F.2d 670, 677-78 (5th Cir. 1972) ("There is no Sixth Amendment requirement that [defendants] also be allowed to con-

front [the witness] at a preliminary hearing prior to trial."). The *Andrus* court reasoned that the Sixth Amendment does not provide a right to confrontation at a preliminary hearing because "[t]he right to confrontation applies when the ability to confront witnesses is most important — when the trier of fact determines the ultimate issue of fact." 775 F.2d at 836.

Peterson contends that the reasoning of *Harris*, *Andrus*, and *Whitman* is no longer sound in light of *Crawford v. Washington*, 541 U.S. 36 (2004), which Peterson contends "clearly applied the Sixth Amendment right to confrontation of witnesses to pre-trial proceedings." True, the hearsay challenged in *Crawford* was a tape-recorded statement to police made *before trial*. *Id.* at 38. What was at issue, however, was whether the Confrontation Clause was violated when the record of the statement was introduced *at trial*.[2] *Id.* That the hearsay statement was *made* before trial is necessarily true in every case. *See* Cal. Evid. Code § 1200(a) ("'Hearsay evidence' is evidence of a statement that was made *other than by a witness while testifying at the hearing* and that is offered to prove the truth of the matter stated." (emphasis added)). Accordingly, *Crawford* does not affect the reasoning of *Harris*, *Andrus*, and *Whitman*, or the Supreme Court cases holding that the Confrontation Clause is primarily a trial right.

[6] For these reasons, we conclude that the admission of hearsay statements at a preliminary hearing does not violate the Confrontation Clause.[3] Accordingly, we hold that Prop. 115 does not violate the Sixth Amendment.

---

[2]To be sure, the admission of preliminary hearing testimony *at trial* raises Confrontation Clause concerns. For example, *Crawford* clearly held that *ex parte* testimony at a preliminary hearing would qualify as "testimonial" and would therefore not be allowed at trial under the Confrontation Clause unless the witness was unavailable and the defendant had prior opportunity to cross-examine the witness. 541 U.S. at 52. The admission of preliminary hearing testimony at trial, however, is not the issue before us.

[3]Peterson also contends that Prop. 115 deprives a defendant of the right to effective assistance of counsel under the Sixth Amendment because

IV

**[7]** We turn next to Peterson's Fourteenth Amendment due process challenge. In *Hurtado v. California*, 110 U.S. 516 (1884), the Supreme Court held that there was no due process right to a grand jury indictment before criminal prosecution in state court. *Id.* at 534-35. In so holding, the *Hurtado* Court recognized that California's substitute for the grand jury indictment — the preliminary hearing — included the right of cross-examination. *See id.* at 538 ("[W]e are unable to say that [California's] substitution for a presentment or indictment by a grand jury of the proceeding by information after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, *with the right on his part* to the aid of counsel, and *to the cross-examination of the witnesses* produced for the prosecution, is not due process of law." (emphasis added)).

Peterson argues that *Hurtado requires* the preliminary hearing to include the right of confrontation in order to satisfy the requirements of due process. We disagree with this interpretation, as it would mean the substitute for the grand jury indictment must contain greater procedural protections than the grand jury procedures themselves. *See Costello*, 350 U.S. at 363-64 (holding that hearsay is admissible before grand jury). If the phrase "due process of law" in the Fifth Amendment does not prohibit the use of hearsay in grand jury proceedings, then the same phrase in the Fourteenth Amendment cannot be read to prohibit the use of hearsay evidence at a preliminary hearing. Although *Hurtado* did observe that California's then-existing preliminary hearing procedures included the right to

counsel is not permitted to cross-examine the declarant of a hearsay statement admitted at a preliminary hearing. Because this argument is premised on his Confrontation Clause challenge, which fails, Peterson's argument that Prop. 115 violates the right to effective assistance of counsel also fails.

cross-examination, *Hurtado* did not hold that such a right was essential in order to pass due process muster.

**[8]** Accordingly, we conclude that Proposition 115 does not violate the Due Process Clause of the Fourteenth Amendment.[4]

## V

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[4]Although Peterson notes in his opening brief that he asserted a Fourth Amendment claim before the district court, he has failed to make any argument in his brief to this court in support of such a claim; therefore, he has waived it. *See* Fed. R. App. P. 28(a)(9)(A); *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995) (holding that issue not discussed in brief, although mentioned in statement of issues, is deemed waived).

Even if the Fourth Amendment challenge had not been waived, we would reject it on the merits because the Fourth Amendment allows for a determination of probable cause based on hearsay testimony. *See Gerstein v. Pugh*, 420 U.S. 103, 120 (1975) (holding that a full adversarial hearing, including confrontation and cross-examination, is not required for a determination of whether probable cause exists under the Fourth Amendment to detain an arrestee pending trial).