**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORI BELTRAN; COBY BELTRAN, by and through his Guardian Ad Litem Lori Beltran, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SANTA CLARA COUNTY; MELISSA SUAREZ, individually and as an employee of the County of Santa Clara; EMILY TJHIN, individually and as an employee of the County of Santa Clara, <br><br> Defendants-Appellees. | No. 09-16339 <br><br> D.C. No. 5:03-cv-03767-RMW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted July 13, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ and TALLMAN, Circuit Judges, and HOGAN, Senior District Judge.[**]

Appellant Lori Beltran, individually and as Guardian Ad Litem for Appellant Coby Beltran, appeals the district court's decision granting summary judgment in favor of Santa Clara County social workers Emily Tjhin and Melissa Suarez in this 42 U.S.C. § 1983 action. The Beltrans claim their civil rights were violated when Tjhin and Suarez obtained a judicial warrant to take protective custody of Coby based on a petition that the Beltrans allege contained material misrepresentations and omissions. During the proceedings below, Tjhin and Suarez maintained that they were entitled to qualified immunity for their actions to secure the protective custody warrant and the district court so held. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

To prevail on summary judgment and defeat Tjhin's and Suarez's assertions of qualified immunity the Beltrans must (1) make a substantial showing that the challenged warrant petition contained misrepresentations or omissions that were deliberate falsehoods or demonstrated a reckless disregard for the truth and (2) the misrepresentations or omissions were material because probable cause could not be established without them. *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002);

---

[**] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

*Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997); *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995).

"We . . . review de novo the application of qualified immunity." *Hervey*, 65 F.3d at 788. De novo review is applied to the ultimate determination of whether misrepresentations or omissions in a warrant affidavit are material and thereby negate probable cause. *Greene v. Camreta*, 588 F.3d 1011, 1035 (9th Cir. 2009). Assuming the warrant affidavit was revised as the Beltrans urge, we ask whether the revised application establishes probable cause as a matter of law. *See Liston*, 120 F.3d at 973–74.

The Beltrans contend on appeal that nine omitted categories of fact render the protective-custody warrant petition misleading and nine statements constitute misrepresentations. We do not address whether these alleged misrepresentations and omissions constitute a "substantial showing" of deliberate falsity or reckless disregard for the truth, however, because this case can be resolved by determining the materiality of the alleged misrepresentations and omissions, assuming the Beltrans could establish them to the satisfaction of a reasonable factfinder. We agree with the district court that the statements and omissions are not material because, after amending the warrant to omit the alleged misrepresentations and add

3

the alleged omissions, *see Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009), probable cause still exists.

Our conclusion is not altered by the Beltrans' complaint that the warrant petition relies on hearsay because we have stated before that "the Fourth Amendment allows for a determination of probable cause based on hearsay testimony," *Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010), and government officials "may rely on hearsay and other evidence that would not be admissible in a court to determine probable cause," *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006).

Finally, the Beltrans misunderstand the context of the "telling the total story" language that originates in this Court's decision in *United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985). The Beltrans seek to expand the scope of this language to require that a warrant affidavit include any information a plaintiff deems favorable to his or her cause. In the *Stanert* decision, however, we were referring to nothing more than the simple fact that an affidavit can deceive a judge not only by containing express misrepresentations but also by omitting information that renders an otherwise truthful statement to be false or misleading, in which case the omitted information has prevented the "total story" from being "told." 762 F.2d at 781. We previously have stated that "the omission rule does not require an

affiant to provide general information about every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause existed . . . ." *United States v. Craighead*, 539 F.3d 1073, 1081 (9th Cir. 2008); *accord United States v. Johns*, 948 F.2d 599, 606 (9th Cir.1991).

**AFFIRMED.**