**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ALAN YOCOM, | No. 12-15932 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-03609-SBA |
| v. | |
| RANDY GROUNDS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Former California state prisoner Michael Alan Yocom appeals pro se from

the district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and due process violations in connection

with prison disciplinary proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010) (judgment on the pleadings); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment to defendant Receiver Kelso on Yocom's deliberate indifference claim because Yocom failed to raise a genuine dispute of material fact as to whether Kelso was deliberately indifferent to Yocom's complaints concerning medications to treat his mental health issues. *See Toguchi*, 391 F.3d at 1058 (claim of deliberate indifference requires showing that the official knew of and disregarded an excessive risk to an inmate's health; a prisoner's difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court properly granted judgment on the pleadings to the remaining defendants because Yocom is barred from relitigating the same deliberate indifference and due process issues and claims previously decided on the merits in his state habeas petitions. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231-34 (9th Cir. 2014) (holding that California's rules regarding issue and claim preclusion apply to prior state habeas decisions, and concluding that plaintiff

was precluded from relitigating under § 1983 his claims that had been litigated and decided on the merits in his prior state habeas petition).

Yocom's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**