NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON CAMPBELL; and RALPH MALDONADO, individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> VITRAN EXPRESS, INC., a Pennsylvania corporation, fka Vitran Express West, Inc., a Nevada corporation, <br><br> Defendant - Appellee. | No. 12-56250 <br><br> D.C. No. 2:11-cv-05029-RGK-SH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 3, 2014
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI, Chief Judge, GRABER, Circuit Judge, and ZOUHARY,[**] District Judge.

Plaintiffs Brandon Campbell and Ralph Maldonado, representing a certified class of drivers employed by Defendant Vitran Express, Inc., a motor carrier, appeal from a judgment dismissing their claims under California's meal and rest break laws, California Labor Code §§ 226.7, 512, and 8 California Code of Regulations § 11090. Following Dilts v. Penske Logistics LLC, 819 F. Supp. 2d 1109, 1119–20 (S.D. Cal. 2011), the district court held that those state laws as applied to motor carriers are preempted under the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and granted judgment on the pleadings for Defendant. Reviewing de novo the interpretation and construction of the FAAAA, Tillison v. Gregoire, 424 F.3d 1093, 1098 (9th Cir. 2005), and a judgment on the pleadings, Peterson v. California, 604 F.3d 1166, 1169 (9th Cir. 2010), we reverse.

In Dilts v. Penske Logistics LLC, No. 12-55705, decided this date, we hold that California's meal and rest break laws are not meaningfully "related to" prices, routes, or services and therefore are not preempted under the FAAAA. See 49 U.S.C. § 14501(c)(1). Those are the same state laws that are at issue here.

_____

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

2

In light of our holding in <u>Dilts</u>, the district court erred by granting judgment on the pleadings to Defendant on a theory of FAAAA preemption. We therefore reverse and remand for further proceedings consistent with <u>Dilts</u>.

**REVERSED and REMANDED.**