**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Martin Chavez LEGORETTS, AKA Gordo, Defendant-Appellant.**

**No. 15-50513**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2017 Pasadena, California

Filed July 17, 2017

Jean-Claude Andre, Assistant U.S. Attorney, Christopher Brunwin, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee

James Scott Thomson, Counsel, Attorney and Counselor at Law, Berkeley, CA, for Defendant-Appellant

Before: BEA and HURWITZ, Circuit Judges, and MOTZ,* District Judge.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The Honorable J. Frederick Motz, United States District Judge for the District of Mary-

MEMORANDUM **

In 2005, Martin Chavez–Legoretta was indicted for conspiring and attempting to distribute more than 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841, 846. Five days later, federal agents searched Legoretta's residence but did not find him there.

Ten years passed. In 2015, federal agents tracked a phone that Legoretta was using to an address in Los Angeles and arrested him. Legoretta moved to dismiss the 2005 indictment, arguing that the delay between indictment and arrest violated his Sixth Amendment right to a speedy trial. After the district court denied the motion, Legoretta entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss. The district court sentenced Legoretta to 120 months' imprisonment, and Legoretta timely appealed. We now affirm.

1. Though the ten-year delay between Legoretta's indictment and arrest was "presumptively prejudicial" and therefore "trigger[s] a speedy trial analysis," the remainder of the applicable factors weigh against Legoretta's speedy trial claim. *Doggett v. United States*, 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). *First*, the government pursued Legoretta with "reasonable diligence" between 2005 and 2015. *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008).[1] The district court's finding—entitled to "considerable deference"—that Legoretta fled to Mexico in 2005 and remained there until 2014 because he "knew federal agents were looking for him" is supported by the record.[2] *Doggett*, 505 U.S. at 652, 112 S.Ct. 2686. *Second*, Legoretta did not timely assert his right to a speedy trial, because, as the district court reasonably concluded, he purposefully avoided arrest between 2005 and 2014. *Third*, Legoretta did not attempt to demonstrate any prejudice caused by the delay. A presumption of prejudice applies only when a pretrial delay is "great and *attributable to the government*," *Mendoza*, 530 F.3d at 764 (emphasis added) (citation omitted). The district court did not err by denying Legoretta's motion to dismiss.

2. At the hearing on Legoretta's motion to dismiss, the district court admitted testimony from Special Agent Georgette Briceno, who had conducted the 2005 search of Legoretta's home, regarding a statement about "narcos" that Legoretta had

---

land, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Specifically, federal agents: (1) entered Legoretta's name into the National Crime Information Center database; (2) ran nine "computer database queries" of various types of public records; (3) surveilled addresses associated with Legoretta on two separate occasions; and (4) maintained a confidential informant who provided agents with a phone number which ultimately led them to Legoretta.

2. Legoretta was first arrested in May 2005, but he was released after the government moved to dismiss the criminal complaint against him without prejudice, citing the need for "further investigation." Then, at some point after his release from federal custody (the record is unclear as to exactly when), Legoretta fled to Mexico. During the search of Legoretta's home in August 2005, when federal agents instructed Legoretta's sister to call Legoretta and ask him to return to the residence, Legoretta refused and explained that a neighbor had told him that "narcos" were waiting for him there. Finally, when Legoretta was ultimately apprehended by federal agents in 2015, he asked the agents "to explain how [they] had found him." Taken together, these facts suggest that Legoretta suspected that he might be arrested and was purposefully avoiding arrest.

made to his sister, Evelyn Contreras–Legoretta ("Contreras"), over the phone during the search. This was not an abuse of discretion. *See United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) ("We review a district court's evidentiary rulings for abuse of discretion.").

Legoretta does not dispute that his statement to Contreras was a party admission. Fed. R. Evid. 801(d)(2)(A). Contreras's subsequent statement to Agent Briceno—in which she repeated what Legoretta had said to her moments earlier—was hearsay. But, because Contreras's statement "describ[ed] or explain[ed] an event" and was "made ... immediately after [Contreras] perceived it," the district court did not err in admitting her statement as a present sense impression. *See* Fed. R. Evid. 803(1); *United States v. Vega*, 1989 WL 95475, at *2-3 (9th Cir. Aug. 16, 1989) (unpublished) (translating a conversation into English constitutes a present sense impression).

Nor did the admission of Contreras's statement to Agent Briceno violate the Confrontation Clause. The purpose of the agents' interrogation of Contreras was to locate Legoretta, not to establish facts which would later be relevant to a criminal prosecution. Thus, Contreras's statement was not "testimonial."[3] *See Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) ("Statements ... are testimonial when the circumstances objectively indicate that ... the primary purpose of the interrogation is to establish or

prove past events potentially relevant to later criminal prosecution.").

**AFFIRMED.**

---

**3.** Because we conclude that Contreras's statement was not testimonial, we need not consider whether the Confrontation Clause applies at a hearing on a motion to dismiss an indictment. *Cf. Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010) ("[T]he admission of hearsay statements at a preliminary hearing does not violate the Confrontation Clause.").