# United States Court of Appeals for the Federal Circuit

---

**ADVANTEK MARKETING, INC.,**
*Plaintiff-Appellant*

**v.**

**SHANGHAI WALK-LONG TOOLS CO., LTD.,
NEOCRAFT TOOLS CO., LTD.,**
*Defendants-Appellees*

**ORION FACTORY DIRECT, DOES 1-10,
INCLUSIVE,**
*Defendants*

---

2017-1314

---

Appeal from the United States District Court for the Central District of California in No. 2:16-cv-03061-R-FFM, Judge Manuel L. Real.

---

Decided: August 1, 2018

---

KEITH JOSEPH WESLEY, Browne George Ross LLP, Los Angeles, CA, argued for plaintiff-appellant. Also represented by BRIAN FITZGERALD, JAYE GERRARD HEYBL, Koppel Patrick Heybl & Philpott, Westlake Village, CA; K. ANDREW KENT, Rincon Venture Law Group, Westlake Village, CA.

PERRY GOLDBERG, Progress LLP, Los Angeles, CA, argued for defendants-appellees.

———————————

Before NEWMAN, CLEVENGER, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Advantek Marketing, Inc. is the owner of design patent No. D715,006 ("the D'006 patent") for a portable animal kennel that Advantek sells with the mark "Pet Gazebo." Advantek states that the Pet Gazebo is its "flagship product," that it has received awards and been successful commercially, for "[i]t provided a great solution for pet owners who wanted to take their pets with them, whether to a friend's house, on vacation, or simply out to the backyard." Appellant's Br. at 2.

Advantek sued its former manufacturer, Shanghai Walk-Long Tools Co., together with Advantek's former vice president and others (collectively, "Walk-Long"), for patent infringement, breach of contract, and aiding and abetting breach of fiduciary duty. The complaint alleged that Walk-Long copied the Pet Gazebo and infringed the D'006 patent with their device called the "Pet Companion." The district court granted Walk-Long's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), holding that prosecution history estoppel bars Advantek from enforcing the D'006 patent against the Pet Companion. Final judgment was entered after the parties stipulated to dismissal of the non-patent counts.[1]

———————————

[1] *Advantek Mktg., Inc. v. Shanghai Walk-Long Tools Co.*, No. CV 16-3061-R, 2016 WL 9178079 (C.D. Cal. Nov. 3, 2016) ("Dist. Ct. Op.").

We conclude that prosecution history estoppel does not preclude enforcement of the D'006 patent against the accused kennel. The judgment is reversed, and the case is remanded for further proceedings.

## BACKGROUND

The D'006 design application was filed with five photographs as figures. The examiner objected to the photographs as unclear, J.A. 186, and also issued a restriction requirement as between the first four figures (designated as Group I) and all five figures (designated as Group II). Following are Figures 1–4 as redrawn for Group I, and Figure 5 as the photograph in non-elected Group II:

          

Figure 1 from D'006          Figure 2 from D'006

 

Figure 3 from D'006          Figure 4 from D'006



Figure 5 from Application

The application described these Figures as follows:

Fig. 1 is a top perspective view showing our new kennel design;

Fig. 2 is a side view thereof;

Fig. 3 is bottom view thereof;

Fig. 4 is a top view thereof; and

Fig. 5 is top perspective view thereof with a cover according to another embodiment.

> Note that the embodiment of Fig. 5 is identical to the design shown in Figs. 1–4 except a cover is included to cover the kennel.  As such Figs. 1–4 may be used as part of the design of Fig. 5 by including the cover of Fig. 5 into the views in Figs. 1–4.

J.A. 204.

On September 12, 2012, the patent examiner issued a requirement for restriction, as follows:

> This application discloses the following embodiments:
>
> Embodiment 1—Figs. 1–4 drawn to a kennel without a cover.
>
> Embodiment 2—Figs. 1–5 drawn to a kennel with a cover.
>
> Restriction to one of the following inventions is required under 35 U.S.C. 121:
>
> Group I—Embodiment 1.
>
> Group II—Embodiment 2.
>
> The designs as grouped are distinct from each other since under the law a design patent covers only the invention disclosed as an entirety, and does not extend to patentably distinct segregable parts; the only way to protect such segregable parts is to apply for separate patents.  See *Ex parte Sanford*, 1914 CD 69; 204 OG 1346 (Comm'r Pat. 1914); and *Blumcraft of Pittsburgh v. Ladd,* 238 F. Supp. 648, 144 USPQ 562 (D.D.C. 1965).  It is further noted that patentably distinct combination/subcombination subject matter must be supported by separate claims, whereas only a single claim is permissible in a design patent application.  See *In re Rubinfield*, 270 F.2d 391, 123 USPQ 210 (CCPA 1959).

Because the designs are distinct for the reason(s) given above, and have acquired separate status in the art, restriction for examination purposes as indicated is proper (35 U.S.C. 121).

A reply to this requirement must include an election of a single group for prosecution on the merits, even if this requirement is traversed. 37 CFR 1.143. Any reply that does not include an election of a single group will be held nonresponsive.

J.A. 181. Advantek elected Group I, stating:

Although applicants respectfully disagree with the Restriction Requirement, Group I, including corresponding Embodiment 1 and Figs. 1–4 drawn to a gazebo without a cover, is elected for further prosecution in this application. Accordingly, Fig. 5 has been withdrawn.

J.A. 155. The D'006 patent was duly granted with Figures 1–4.

Advantek filed suit against Walk-Long for design patent infringement in the U.S. District Court for the Central District of California on May 4, 2016. In response to Advantek's complaint, Walk-Long moved for judgment under Rule 12(c), arguing that, since the Pet Companion includes a cover, prosecution history estoppel bars infringement. The complaint included the following picture:



J.A. 24. Walk-Long stated in its motion that Advantek had "intentionally surrendered patent claim scope that would have included gazebos with a cover in response to a restriction requirement, thereby limiting the scope of the '006 Patent to gazebos without a cover." J.A. 45.

The district court granted the motion and dismissed the complaint, stating that Advantek had "surrender[ed] the proposed kennel with a cover . . . to secure a patent" by "choosing one of two drawings in response to a restriction requirement." Dist. Ct. Op. at 2. We review the dismissal without deference, *see, e.g., Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010), and "accept all material allegations in the complaint as true and construe them in the light most favorable to [the non-moving party]." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (quoting *Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir. 2004) (alterations in original)); *see Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1371 (Fed. Cir. 2015) (applying law of the regional circuit "[f]or issues not unique to patent law," such as procedural issues).

DISCUSSION

Design patents are for an "original and ornamental design for an article of manufacture." 35 U.S.C. § 171. "The rules relating to applications for patents for other inventions or discoveries are also applicable to applications for patents for designs except as otherwise provided." 37 C.F.R. § 1.151. An exception is that only one claim is permitted in a design patent. 37 C.F.R. § 1.153–1.154. This rule was the basis for the examiner's requirement for restriction.

In concluding that prosecution history estoppel barred Advantek's infringement claims, the district court relied on our decision in *Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694 (Fed. Cir. 2014). In *Pacific Coast*, we held that prosecution history estoppel in a design patent case depends on: "(1) whether there was a surrender; (2) whether it was for reasons of patentability; and (3) whether the accused design is within the scope of the surrender." *Id.* at 702.

On appeal, Advantek focuses on the third prong of the *Pacific Coast* test and argues that Walk-Long's accused design falls outside any claim scope Advantek purportedly surrendered during prosecution. Appellant's Br. at 14. Advantek argues that its elected design is the "skeletal structure design," and that this design is present in the accused kennel, with or without a cover. Advantek states that the accused kennel as shipped, assembled, and used, does not have a cover unless or until a cover is placed on the kennel. Advantek further states that the requirements of prosecution history estoppel are not met because Advantek's election during prosecution broadened its ability to prevent infringement of its skeletal design, whether the skeleton was used alone or in combination with other parts. Appellant's Br. at 18.

In *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429 (2016), the Court reaffirmed that a design patent may be for a component of a product, stating:

> [T]he term "article of manufacture" is broad enough to encompass both a product sold to a consumer as well as a component of that product. A component of a product, no less than the product itself, is a thing made by hand or machine. That a component may be integrated into a larger product, in other words, does not put it outside the category of articles of manufacture.

*Id.* at 435. The *Samsung* Court cited the classical statement of design patent law in *Gorham Manufacturing Co. v. White*, 81 U.S. 511 (1872), where the Court considered "a new design for the handles of tablespoons and forks," and held that the patent was infringed based on the design of the components (the handles) alone. *Gorham*, 81 U.S. at 528. The *Gorham* Court stated that "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Id.*

In *Samsung*, the Court reiterated that "[t]he Patent Office and the courts have understood § 171 to permit a design patent for a design extending to only a component of a multicomponent product." *Samsung*, 137 S. Ct. at 435 (citing *Ex parte Adams,* 84 Off. Gaz. Pat. Office 311 (1898)); *see In re Rubinfield*, 270 F.2d 391, 393, 395 (CCPA 1959) (discussing the practice of limiting a design patent to a single embodiment, and stating that "a design patent may be infringed by articles which are specifically different from that shown in the patent."). Our predecessor court has similarly stated:

> Section 171 authorizes patents on ornamental designs for articles of manufacture. While the design must be embodied in some articles, the statute is not limited to designs for complete articles, or 'discrete' articles, and certainly not to articles separately sold . . . .

*Appl. of Zahn*, 617 F.2d 261, 268 (CCPA 1980).

Advantek stresses that the accused kennel's structure is the same as shown in the D'006 patent, whether or not a cover is present. Advantek states that it elected the broader scope of the kennel structure design, that is, unlimited by the presence of a cover, and that prosecution history estoppel does not arise, for "[e]stoppel arises when an amendment is made to secure the patent and the amendment narrows the patent's scope." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 736 (2002).

Regardless of whether Advantek surrendered claim scope during prosecution, the accused product falls outside the scope of the purported surrender, contrary to the district court's conclusion. Advantek elected to patent the ornamental design for a kennel with a particular skeletal structure. A competitor who sells a kennel embodying Advantek's patented structural design infringes the D'006 patent, regardless of extra features, such as a cover, that the competitor might add to its kennel.[2] Construed in the light most favorable to Advantek, the complaint can be read to accuse the skeletal structure of Walk-Long's Pet Companion. The complaint alleges that Walk-Long

---

[2]   Of course, if the accused skeletal structure is only a component of an accused multicomponent product, Advantek would only be able to seek damages based on the value of the component, not the product as a whole. *See Samsung*, 137 S. Ct. at 434–35.

infringes the D'006 patent "by making, using, offering for sale, and/or selling the patented design without the authority of Advantek," and by "making, using, selling, offering for sale or importing the Accused Product." J.A. 25. Although Walk-Long argues that it was uncertain as to what was being accused of infringement, if clarification was needed, the district court should have granted Advantek leave to file an amended complaint. Under Ninth Circuit procedural law, "[a] simple denial of leave to amend without any explanation by the district court is subject to reversal." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

CONCLUSION

We conclude that Advantek is not estopped by the prosecution history from asserting the D'006 patent against Walk-Long and its Pet Companion. The dismissal under Rule 12(c) is reversed. We remand for further proceedings.

**REVERSED AND REMANDED**