# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA DOUGLAS COUNSIL,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES E. WILSON,
DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77096



FILED

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges the denial of a pretrial petition for a writ of habeas corpus and seeks to have NRS 171.196(6)(a) declared unconstitutional.

NRS 171.196(6)(a) provides:

Hearsay evidence consisting of a statement made by the alleged victim of the offense is admissible at a preliminary [hearing] . . . only if the defendant is charged with . . . [a] sexual offense committed against a child who is under the age of 16 years if the offense is punishable as a felony.

Petitioner Joshua Counsil is charged with three counts of sexual assault against a child under the age of 14 years; one count of lewdness with a child under 14 years of age; and one count of attempted lewdness with a child under 14 years of age. At his preliminary hearing, the justice court overruled Counsil's hearsay objection to testimony from a sheriff's deputy and third parties reciting what the purported victims

19-40004

reported, and the district court later denied his pretrial petition for a writ of habeas corpus on that issue. Counsil asserts in his writ petition to this court that NRS 171.196(6)(a) violates due process. He asks this court to grant writ relief by declaring that the statute violates due process and that, with the hearsay evidence excluded, the State failed to show probable cause at the preliminary hearing that he committed the crimes charged. We decline to grant Counsil the relief that he seeks, and therefore deny his petition. *See* NRS 34.160; NRS 34.320; *Halverson v. Miller*, 124 Nev. 484, 487, 186 P.3d 893, 896 (2008) (recognizing that the decision to issue a writ of mandamus or prohibition "is solely within this court's discretion" and that petitioner bears the burden to establish that such extraordinary relief is appropriate).

Counsil argues that NRS 171.196(6)(a) violates due process because it creates an additional hearsay exception without any consideration for whether the hearsay statements have indices of trustworthiness or whether the declarant was competent when making the statements. He further complains that preliminary hearings are critical, and that the statute directly conflicts with the purpose of preliminary hearings—to require the State to adduce competent evidence supporting the crimes charged.

Counsil is correct that this court has deemed preliminary hearings as "critical." *See Patterson v. State*, 129 Nev. 168, 174, 298 P.3d 433, 437 (2013) (declaring preliminary hearings as critical because "the results might well settle the accused's fate and reduce the trial itself to a mere formality") (quoting *United States v. Wade*, 388 U.S. 218, 224 (1967)). But, despite concluding that a preliminary hearing is critical for purposes of recognizing an accused's Sixth Amendment right to counsel at this stage

of the proceedings, *id.*, this court has also concluded that the Sixth Amendment's confrontation clause, which "bars the introduction of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant," does not apply to preliminary examinations because the confrontation clause right is reserved for trial. *Sheriff v. Witzenburg*, 122 Nev. 1056, 1060-61 & n.15, 145 P.3d 1002, 1004-05 & n.15 (2006) (also identifying United States Supreme Court, federal court, and other state court decisions holding that confrontation clause rights do not attach to pretrial proceedings).

Instead of attacking the constitutionality of NRS 171.196(6)(a) under the Sixth Amendment, which would fail under *Witzenburg*, Counsil argues it violates due process. But Counsil does not clarify whether he maintains the violation is procedural or substantive, or if the statute is facially unconstitutional or only unconstitutional as applied to him. Counsil's argument "essentially invokes due process as a substitute for unfair." *Commonwealth v. McClelland*, 165 A.3d 19, 23 (Pa. Super. Ct. 2017) (addressing an identical argument and noting appellant's arguments' lack of direct relation to the elements of a due process claim). For this reason alone, we could reject Counsil's argument due to his failure to meet his burden of clearly demonstrating the statute's invalidity. *See Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (holding that, in challenging a statute's constitutionality, "the challenger bears the burden of showing that a statute is unconstitutional" and can only meet that burden by making "a clear showing of invalidity").

Counsil's argument also fails to come to terms with substantial contrary authority. In *Peterson v. California*, 604 F.3d 1166, 1170-71 (2010), for example, the Ninth Circuit held that, under California law,

SUPREME COURT
OF
NEVADA

(O) 1947A

3

admitting hearsay at the preliminary hearing stage does not violate an accused's due process rights. *Peterson* rejected an interpretation of the California statute allowing hearsay at preliminary hearings that would require cross-examination of an original declarant to satisfy due process. *Id.* at 1171. In so doing, *Peterson* recognized that the Fifth Amendment's inclusion of "due process of the law" does not prohibit hearsay testimony at federal grand jury proceedings, and therefore reasoned that the Fourteenth Amendment cannot require more of states in preliminary hearings: "If the phrase 'due process of the law' in the Fifth Amendment does not prohibit the use of hearsay in grand jury proceedings, then the same phrase in the Fourteenth Amendment cannot be read to prohibit the use of hearsay evidence at a preliminary hearing." *Id.*; *see also id.* at 1169 (generally holding that because a "preliminary hearing itself is not constitutionally required, it follows that there are *no* constitutionally-required procedures governing the admissibility of hearsay at preliminary hearings") (emphasis added).

Other states are in accord. *See McClelland*, 165 A.3d at 30-32 (holding that the defendant's due process rights were not violated by a statute permitting hearsay testimony at preliminary hearings, recognizing the defendant's ability to cross-examine the witnesses giving the hearsay statements and to challenge the plausibility and reliability of those statements when addressing whether the state established a prima facie case); *People v. Blackman*, 414 N.E.2d 246, 248 (Ill. App. Ct. 1980) ("Defendant also concedes that due process does not ordinarily prohibit the use of hearsay evidence at a preliminary hearing to establish probable cause."); *State v. Haught*, 371 S.E.2d 54, 60-62 (W. Va. 1988) (rejecting an argument that the failure to disclose an informant at a preliminary hearing,

SUPREME COURT
OF
NEVADA

(O) 1947A

4

and instead relying on hearsay statements, violated the accused's due process rights); *State v. O'Brien*, 836 N.W.2d 840, 846-47 (Wis. Ct. App. 2013) ("[W]e conclude that admission of and reliance upon hearsay evidence [at a preliminary hearing] per [Wisconsin statute] does not jeopardize the defendant's fair trial rights. The defendant remains free to challenge the plausibility of the hearsay evidence and the tenability of the State's case at the preliminary examination, via cross-examination, presentation of evidence, and argument to the court."), *aff'd*, 850 N.W.2d 8 (Wis. 2014).

We agree with the reasoning provided by these courts and Counsil provides no contrary authority. We therefore conclude that Counsil failed to demonstrate NRS 171.196(6)(a)'s invalidity. *See Silvar*, 122 Nev. at 292, 129 P.3d at 684. Accordingly, Counsil did not carry his burden of demonstrating that writ relief is warranted and we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Cl